**2601 INCORPORATED, Plaintiff,**

v.

**PLANNED MANAGEMENT CONSTRUCTION CORP., Defendant.**

Civ. A. No. 92–6625.

United States District Court, E.D. Pennsylvania.

Dec. 3, 1993.

Paul M. Hummer, Saul Ewing Remick & Saul, Philadelphia, PA, for plaintiff.

Jeffrey D. Buss, Smith, Buss & Jacobs, New York City, for defendant.

Henry J. Costa, Jr., Davis & Costa, Blue Bell, PA, for movant.

*MEMORANDUM*

ROBERT F. KELLY, District Judge.

This construction contract case was the subject of a jury trial which began on September 20, 1993 and concluded on September 27, 1993, with a verdict in favor of defendant, Planned Management Construction Corporation ("Planned Management") and against plaintiff, 2601 Incorporated ("2601"). The jury awarded Planned Management $200,000 in damages. Because the jury's verdict was

against the weight of the evidence, I am ordering a new trial.

 The ordering of a new trial is a matter committed to the sound discretion of the trial court. *Bonjorno v. Kaiser Aluminum and Chemical Corp.*, 752 F.2d 802, 812 (3d Cir.1984), *cert. denied*, 477 U.S. 908, 106 S.Ct. 3284, 91 L.Ed.2d 572 (1986). A court may grant a new trial if doing so is required to prevent injustice or correct a verdict which is against the weight of the evidence. *See, e.g., Grace v. Mauser–Werke GMBH.* 700 F.Supp. 1383, 1388 (E.D.Pa.1988).

 I am basing this decision on the evidence which was presented at trial, but just as significantly, on facts which were stipulated as undisputed by both sides prior to the trial:

1. The only breach alleged by Planned Management was that 2601 delayed paying Planned Management sums due as a result of certain "change order" work.

2. The work architect, whom both sides agreed was impartial, had concluded at the time 2601 delayed payment that Planned Management's work was "non-conforming, defective, or incomplete" and therefore payments on the change orders were not "not yet due and payable."

3. In any event, 2601 paid Planned Management in excess of $600,000 for the disputed change order work before work was completed.

4. Planned Management admitted that before it stopped work, it received $228,599.20 from 2601 for work done by contractors, and did not pay this amount to the contractors.

5. Subcontractors presently have filed liens against 2601 totalling $193,944.84.

Therefore, if the jury's puzzling verdict in this case is allowed to stand, Planned Management, having admitted in court that it retained over $200,000 in payments intended for the subcontractors, would be allowed to collect an additional $200,000 in wholly unproven "damages" against 2601 for an alleged breach which was not established by the weight of the evidence. This would produce a $400,000 windfall for Planned Man-

agement. Meanwhile, 2601 has $200,000 in outstanding liens to contend with directly as a result of Planned Management's undisputed failure to pay the subcontractors. Such a result is against the weight of evidence and would be a manifest injustice.

Therefore I am entering the following Order.

### ORDER

AND NOW, this 3rd day of December, 1993, upon consideration of Plaintiff's, 2601 Incorporated, Motion for a New Trial Or, in the Alternative, For Remittitur, Plaintiff's Motion to be Excused from Requirement of Ordering a Trial Transcript, and Defendant's, Planned Management Construction Corporation, Memorandum of Law in Opposition to Plaintiff's Motion for a New Trial or in the Alternative, for Remittitur, it is ORDERED that:

1. Plaintiff's Motion for a New Trial is GRANTED; and

2. Plaintiff's Motion to be Excused from Requirement of Ordering a Trial Transcript is GRANTED.